## Zuver *versus* Clark.

1. A conveyance of land in fraud of creditors of the grantor vests in the grantee a good title as against the grantor and all persons except those defrauded. Lien creditors at the date of conveyance are not defrauded, for they may follow the land irrespective of the title.

2. A creditor who approves or assents to an alleged fraudulent conveyance is not defrauded by it, and the conveyance is valid as to him. He cannot impeach the conveyance on the ground that it is fraudulent as to others.

3. A sheriff's sale of land under a judgment obtained by a defrauded creditor subsequent to the fraudulent conveyance passes the debtor's title, subject to prior liens, unaffected by the fraudulent conveyance. The sheriff's vendee, however, must impeach the conveyance and show a valid title as against the grantee; he cannot treat the conveyance as a mere nullity.

4. In ejectment by a purchaser at such sheriff's sale against the fraudulent grantee, parol evidence is admissible on behalf of the defendant to show that an indorsement on the fi. fa., under which the sheriff's sale was made, waiving inquisition, was a forgery, by reason whereof the sheriff's sale was void, and the plaintiff acquired no title. Prima facie, however, such waiver is genuine, having been taken by the sheriff and returned with his writ.

5. Where a witness is incompetent to testify as to some matters and competent as to others the objection must point to the matters as to which he is incompetent to testify.

October 8th 1884. Before GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ. MERCUR, C. J., and PAXSON, J., absent.

ERROR to the Court of Common Pleas of *Lawrence county :* Of October and November Term 1883, No. 114.

Ejectment, by Elizabeth Clark against Joseph Zuver and Nancy Zuver, his wife, to recover possession of lot No. 15, in the borough of New Wilmington, Lawrence county. Plea, not guilty.

On the trial, it was admitted that title to the premises in dispute was in D. F. McCready, prior to 1855. At that time Joseph Zuver, residing in New Wilmington, being involved in business, agreed with McCready to exchange his property for the premises in dispute, which was valued at $700, with $1,250 additional in money, with the agreement that so much of this sum as was necessary should be applied by McCready, to the judgments entered against Zuver at the date of their deeds. The parties exchanged deeds on March 30th 1857, at which time the record liens amounted to $891.71. McCready paid these and gave his note for the balance, $358.29 in favor of Nancy Zuver. The deed for the premises in dispute was also made and delivered to her. Samuel Zuver, a brother of Joseph

[Zuver *v.* Clark.]

Zuver, was present at the execution of both deeds, and was a subscribing witness. It appeared also that the agreement for the exchange of properties was made upon his recommendation ; though there was no direct evidence that he knew the deed was to be made to Nancy Zuver. In addition to the judgments against Joseph Zuver, he also owed two notes, amounting to $250 ; and some other debts. Samuel Zuver was surety on these notes. On March 30th 1857, the date of the execution of the deeds, Joseph and Nancy Zuver executed and delivered to Samuel Zuver, their bond and warrant of attorney in the sum of $250, conditioned to indemnify Samuel Zuver against the payment of these notes, on which he was surety. The signature of Nancy Zuver to this bond and warrant was denied. Samuel Zuver, in the absence of Joseph Zuver from the state, sold Joseph's personal property, took notes from the purchasers, and receipted to Joseph for $159, to apply on the notes. On January 19th 1858, Samuel Zuver entered judgment on his bond, and issued a fi. fa. under which the sheriff sold the property in dispute to him, the proceeds of the sale being applied on his own judgment. There was indorsed on this fi. fa. a waiver of inquisition, signed by Joseph and Nancy Zuver, dated November 4th 1858. Samuel Zuver took possession of the premises and afterward conveyed them to one Elliott, by a deed of general warranty. Elliott afterwards by a like deed conveyed to Elizabeth Clark the plaintiff in the court below. Joseph Zuver and family moved from the state in 1859, and returned in 1880 or 1881, when he took possession of the premises, which were then vacant. Samuel Zuver died before the suit was brought and Joseph Zuver died before the trial.

Plaintiff having offered in evidence the fi. fa., with indorsement of waiver of inquisition, the defendant objected, on the ground that the waiver was a forgery apparent on its face, the Zuver's names being wrongly spelled, and that Joseph Zuver could not waive inquisition as against his wife, the judgment being void as to her.

THE COURT. " The court decide to consider that Nancy Zuver was a married woman, and the wife of Joseph Zuver ; that the bond on which judgment was entered and property sold, and all proceedings as to her were void ; and to receive the evidence offered so as to affect title in Joseph Zuver. Further, that Nancy Zuver cannot take advantage of, or set up the want of inquisition, and the sale on the fi. fa." Objection sustained. Exception. (First assignment of error.)

The plaintiff then offered George E. Zuver as a witness generally. Objected to by defendant " as incompetent to testify to matters prior to the death of Joseph Zuver, he being a son of Samuel Zuver, who conveyed the property in suit, by

deed of general warranty, and under which defendant claims title, said George E. Zuver being now the owner and occupier of lands descended or devised to him from his father, and which his father owned at the time of making such deed of general warranty." Objection sustained. (Third assignment of error.)

[The objection to this offer was so stated in the assignment of error, but it was also stated that the objection was really to the witness testifying as to any matter prior to the death of Samuel Zuver.]

The defendant offered to prove by Ella Henderson that Joseph Zuver was absent from home during the fall of 1858, at the time the waiver of inquisition purports to be signed and up to, and after the time of sale by the sheriff of the property in dispute; and that the signature to the waiver of inquisition is not the signature of Joseph Zuver, for the purpose of showing that there was no waiver of inquisition. Objected to by plaintiff. Objection sustained. Exception. (Second assignment of error.)

Defendant presented these points:

1. That if Samuel Zuver approved, recommended or acquiesced in the conveyance of the property in dispute to Nancy Zuver, at, or before the date thereof, the same was not fraudulent as to him, and plaintiff cannot recover.

Answer. Affirmed if there were no other creditors, and this one was provided for. Exception. (Fourth assignment of error.)

2. That if Joseph Zuver paid Samuel Zuver any moneys at any time, and placed personal property in his hands for sale, sufficient to pay the debts secured by the judgment, upon which the premises in dispute were sold, plaintiff cannot recover.

Answer. Affirmed if this was all the debts, and they were secured or provided for. Exception. (Fifth assignment of error.)

Verdict and judgment for the plaintiff. Whereupon the defendant Nancy Zuver took this writ, assigning for error the rulings of the court upon the offers of testimony, and the answers to her points as above noted.

*Martin* (with whom was *Gardner*), for the plaintiff in error, produced the original bond and fi. fa., to show the alleged forgery. A sale of improved land on writ of fi. fa. without waiver of inquisition by the defendant in the writ, or owner of the land is absolutely void: Baird *v.* Lent, 8 Watts 422; Wolf *v.* Payne, 11 Casey 97; Gardner *v.* Sisk, 4 P. F. Smith 506; St. Bartholomew's Church *v.* Wood, 11 P. F. Smith 103. Waiver of inquisition is a matter of proof, and the burden was

[Zuver v. Clark.]

on the plaintiff in the ejectment to show a good title in herself. The court ruled that no one but the defendant in the writ could set up the want of waiver of inquisition, but Wolf *v.* Payne, supra, shows that the owner of the land has that right. The defendant should therefore have been permitted to show the waiver to be a forgery. George E. Zuver is the son of Samuel Zuver, and holds land from him by descent, so that he was bound by the covenants of general warranty in his father's deed : De Chaumont *v.* Forsythe, 2 P. & W. 507; Whithill *v.* Gotwalt, 3 P. & W. 313. Being thus incompetent as a witness by common law, he is not rendered competent by the Act of 1869 : Arthurs *v.* King, 3 Norris 525 ; Karns *v.* Tanner, 16 P. F. Smith 297. Samuel Zuver advised, counseled and acquiesced in the alleged fraudulent conveyance, and cannot now impeach the title so granted, by alleging that his own debt was not secured, and the transfer was in fraud of some other creditor : French *v.* Mehan, 6 P. F. Smith 286 ; Davidson *v.* Little, 10 Harris 245 ; Monroe *v.* Smith, 29 P. F. Smith 459.

*D. B. Kurtz*, (with whom was *E. T. Kurtz* and *McMichael & McConnell*), for defendant in error.—This was a voluntary conveyance, made to defraud and hinder creditors, and vested no title as against them. The title in Joseph Zuver was divested by the sheriff's sale, which vested the title in the purchaser, through whom defendant in error claims. Nancy Zuver sets up an outstanding title in Joseph Zuver, to be successful in which she must show his title to be valid as against the plaintiff : Hunter *v.* Cochran, 3 Barr 105 ; Riland *v.* Eckert, 11 Harris 215 ; Bear Valley Coal Company *v.* Dewart, 14 Norris 72 ; Green *v.* Scarlett, 3 Grant 228. Now, Joseph Zuver abandoned the possession and acquiesced in all the proceedings. He is estopped from setting up the want of waiver, which can only be taken advantage of by the defendant in the execution, and by him only within a reasonable time : Wray *v.* Miller, 8 Harris 111 ; Crawford *v.* Boyer, 2 Harris 380 ; Christy *v.* Brien, 2 Harris 248. Mrs. Clark, the plaintiff, had at least the possession of the premises in 1881, and that is sufficient alone, as against Nancy Zuver, who was a mere intruder: Foster *v.* McDivit, 9 Watts 341 ; Foust *v.* Ross, 1 W. & S. 501 ; Fisher *v.* Philadelphia, 25 P. F. Smith 392 ; Espey *v.* Lane, 2 S. & R. 52. When the objection to an offer is a general one, if any part of the testimony is admissible there is no error in overruling the objection : Robinson *v.* Buck, 21 P. F. Smith 386 ; Laubach *v.* Laubach, 23 P. F. Smith 387 ; Philadelphia *v.* Leidy, 10 Barr 45.

Mr. Justice TRUNKEY delivered the opinion of the court, November 12th 1883.

8 OUTERBRIDGE.—16

As against every body, except persons intended to be defrauded, the deed by McCready to Nancy Zuver vested a good title in her for the land in controversy. Joseph Zuver was as completely divested of title as if the conveyance had been made to his wife in good faith for a full consideration in money; and if void as to his creditors, yet the title was changed, and a sheriff's sale upon a judgment obtained against Joseph Zuver after the delivery of the deed would be subject to liens which existed at and before the date of delivery. A sheriff's deed would pass to the purchaser all that was conveyed to the fraudulent grantee, and as such grantee took subject to liens, if any, the purchaser at sheriff's sale would take upon the same terms. Lien creditors are not included among persons who may be defrauded by the conveyance of land, for they may follow the land irrespective of all changes in the title, honest or dishonest: Byrod's Appeal, 31 Pa. St. 241; Fisher's Appeal, 33 Id. 294. But the deed being void as to the defrauded creditors, as regards them, it is still their debtor's estate which is sold in satisfaction of their debts, and the purchaser obtains the right to contest and avoid the conveyance: Hoffman's Appeal, 44 Pa. St. 95; Jacoby's Appeal, 67 Id. 434. Should a surplus remain after paying the debts, it would belong to the grantee, for the grantee's title only fails so far as it stands in the way of the creditors.

At the time Samuel Zuver obtained his judgment, Nancy Zuver was the apparent owner of the land. He was the purchaser at the sheriff's sale made by virtue of a fieri facias issued on his own judgment. Indorsed on the writ is a waiver of inquisition purporting to be signed by Joseph and Nancy Zuver. It may be conceded that prima facie the waiver is genuine, having been taken by the officer, and returned with his writ. The defendant objected that the waiver was a forgery, but the court ruled that she could not set up the want of inquisition, and overruled her offer to prove the forgery, and that there had been no waiver of inquisition. That was error. Whether the grantor, or the grantee, in the alleged fraudulent conveyance, is the party who can legally waive inquisition is a question not raised at present; the cause was tried as if the defendant had no right to object to the plaintiff's title.

It has already been seen that the right to contest Nancy Zuver's title and possession can only exist in a creditor or purchaser at sheriff's sale. If that sale was void, the purchaser was without footing to make the contest. A creditor cannot oust her, or contest her right, save by due legal proceeding. Were he to intrude into possession, he could not defend on the ground that her deed is void or voidable. He must obtain

[Zuver v. Clark.]

judgment, and pursue the proper legal means for collection of his debt, and then a fraudulent deed shall not block his way; but he is not able to thrust the deed aside until he meets it with valid process, or with title founded on a valid judicial sale of the property.

A sale of land under a fieri facias without inquisition, or waiver thereof, is unauthorized and void. A void sale is not confirmed by a distribution of its proceeds amongst the judgment creditors of the debtor : Gardner v. Sisk, 54 Pa. St. 506 ; St. Bartholomew's Church v. Wood, 61 Id. 96. Nothing can be added to the opinions in these cases in support of the points decided, nor need other cases of like import be cited. In St. Bartholomew's Church v. Wood there was a pretended waiver of inquisition, but it was held that testimony was admissible to show that, in fact, there had been no waiver.

The third specification of error cannot be sustained. As printed in the paper-book, the objection to the witness George E. Zuver materially differs from the bill of exception which shows that the objection was to his competency to testify. He was competent with respect to matters that had occurred after the death of his father, and if incompetent to prove events prior to said death, the objection should have been pointed to that period.

The defendant's first and second points should have been affirmed without the added qualification. If Samuel Zuver's debt was paid, or a satisfactory arrangement made with him for its payment, or if he approved or recommended the conveyance of the property to Nancy Zuver, he was not a person intended to be defrauded, and the conveyance was valid as against him. If the conveyance was void as to other creditors, and not as to himself, that fact could in no way work to his advantage. As well might Joseph Zuver have attempted to avoid the conveyance as one of his creditors who advised and approved the making of it. None but a person intended by the parties to the conveyance, to be hindered, delayed, or defrauded, or one holding under such person, for instance, a purchaser at judicial sale in the collection of a debt due such person, can avoid the conveyance ; for only as against such person or persons is the deed void under the statute of fraudulent conveyances.

Judgment reversed, and venire facias de novo awarded.