## John M. Becker, Appellant, v. Julius Goldschild.

*Costs—Writ of capias quashed without special order as to costs—Practice, C. P.*

An action of trespass commenced by capias was quashed but no order relating to costs was made. An execution for costs was issued against the plaintiff which the court below refused to vacate. *Held*, that in formally refusing to set aside the execution the court decreed, in effect, that plaintiff should pay the costs and that there was no reversible error in so holding.

*Practice, C. P.—Costs noted by prothonotary—Taxation when nonessential.*

The long established practice in Philadelphia to allow executions for costs in the first instance, without formal taxation, in certain cases, upon

notation upon the record by the prothonotary is sanctioned by the rules of court, contravenes no statute or rule of law, is of great value and convenience, and allows of ample protection from fraud or imposition by an appeal to the court.

Argued Oct. 11, 1898.　Appeal, No. 111, Oct. T., 1898, by plaintiff, from decree of C. P. No. 2, Phila. Co., Dec. T., 1896, No. 35, discharging rule to vacate and set aside execution. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.　Affirmed.

Rule to vacate and set aside execution.　Before the court in banc.

It appears from the record that an action of trespass was begun by capias ad respondendum.　The original writ was quashed, thereupon a fi. fa. was issued against the plaintiff for costs without costs previously having been taxed and the court subsequently refused the rule granted on the plaintiff on the petition and discharged the rule to show cause why the writ of fi. fa. for costs should not be set aside and the execution stayed.　Plaintiff appealed.　　　　　　　　　　　　　　　　　　　.

*Error assigned* was discharging the rule to show cause why the writ of fieri facias should not be vacated and set aside and the execution and levy stayed.

*E. Hunn, Jr.*, for appellant.—Under the Act of June 13, 1836, P. L. 568, sec. 29, the court had power to inquire into the cause of action and quash the writ with or without costs. The court having quashed the writ without having made any order for costs it follows that costs could not either legally be taxed or collected; and in point of fact the costs never were taxed, either before or after the execution was issued.　It has been decided that execution cannot be issued for costs until the costs have been taxed: Harger v. Com., 12 Pa. 254.

It is submitted therefore that no costs can be recovered unless expressly ordered by the court when the writ is quashed.

*Robert von Moschzisker*, for appellee.—In Pennsylvania, by an uninterrupted course of indulgence, which has ripened into custom, many of the court fees are not paid until the determi-

nation of the action, when to avoid the vexation of an original suit for a trifling demand it is the practice to include the fees due to the prothonotary in the execution issued by the successful party as if they were part of his costs: Musser v. Good, 11 S. & R. 247.

It is not necessary in all cases that all costs shall be taxed before execution issues to recover the same. This is a mere question of practice and the practice of every court is within its own power and not subject to review: Moyer v. Kirby, 14 S. & R. 162.

OPINION BY SMITH, J., November 21, 1898:

This action of trespass was commenced by capias ad respondendum, to which the defendant entered bail. A rule to show cause of action and to quash the writ was granted and, after hearing, the writ was quashed; but no order relating to the costs was made. An execution for costs was issued against the plaintiff, who thereupon obtained a rule to have it vacated, on the ground that, although the court had quashed the capias, no costs had been taxed in the case. It was not alleged that the amount of costs for which the execution issued was excessive or that any of the items were erroneous. The plaintiff did not ask to have the costs taxed; nor did he assign any reason why he should not be required to pay them. The only alleged error set forth in his application was that the costs had not been taxed. The failure to fix the liability for costs, under the act of June 13, 1836, on quashing the capias, was not set up as ground of complaint. After argument the rule to vacate and set aside the execution was discharged.

The costs for which the execution issued seem to be the record fees which are usually noted on the docket of the case by the prothonotary. The argument here on behalf of the appellant is based on two points: first, the failure of the court formally to impose the costs in accordance with the act of assembly, and, second, the alleged irregularity in issuing an execution therefor. As to the first branch, it would be sufficient to say that there is nothing in the record to show that the attention of the court was called to this omission, or that it was relied upon in the court below. On application the court would, no doubt, enter a formal order disposing of the costs. The

plaintiff presented reasons for vacating the execution and the court had a right to presume that the petition included all the reasons relied upon for that purpose. Presumably, the case was disposed of in the court below on the ground appearing in the record. By formally refusing to set aside the execution the court decreed, in effect, that the plaintiff should pay the costs. Therefore this objection now lacks foundation. Furthermore the question should have been raised in the court below.

The rules of the court of common pleas of Philadelphia county, evidently contemplate the notation upon the record of certain costs by the prothonotary without more formal taxation. Section 45 of Rule XVI. provides that: "All bills of costs shall be taxed in the first instance by the prothonotary (if taxation be required), subject to an appeal to the court." It has long been the practice in Philadelphia to allow executions for costs in the first instance, without formal taxation or notice to the plaintiff, in all such cases as the present. Ample provision is made by rule for the protection of the defendant in the execution, from fraud or imposition. See Hart v. Dickerson, cited in 1 Troubat and Haly's Practice, 541. The practice saves much time to the profession and officers of the court, and no one need be injured by it. It involves a minor question of practice contravening no statute or rule of law. Under the power to make rules for the orderly and convenient despatch of business, the court had ample authority to adopt and enforce this rule of practice. Its value and great convenience cannot be gainsaid.

The order discharging the rule is affirmed.