# Martin D. Irwin v. Samuel R. Hess, administrator of the Estate of Lorenz Nolde, Deceased, Appellant.

*Decedent's estate—Alleged fraudulent sale of real estate by decedent—Execution—Jurisdiction, C. P.—Taxation of costs.*

The common pleas has jurisdiction in case of execution issued against an alleged fraudulent vendee of decedent's real estate, under deed executed in his lifetime; it is not necessary to bring in the widow and heirs by scire facias prior to issuing such writ of execution, because the deed bound the grantor and his heirs and representatives; nor is the writ prematurely issued because the bill of costs had not been formally taxed. The rules of court provide ample protection as to any costs which are the subject of exception.

Argued Nov. 13, 1899. Appeal, No. 184, Oct. T., 1898, by defendant, from order of C. P. Lancaster Co., June T., 1880, No. 24, fi. fa. Jan. Term, 1898, No. 33, discharging rule taken at defendant's instance to show cause why the writ of fieri

facias should not be stayed and set aside. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by BEAVER, J.

Rule to show cause why fi. fa. should not be stayed and set aside. Before BRUBAKER, J.

It appears from the record that an action of trespass was brought against Lorenz Nolde in 1880. On January 8, 1885, Lorenz Nolde by deed duly recorded conveyed certain real estate to his son, John S. Nolde, the consideration being stated as $1,750. Lorenz Nolde, defendant, died February 22, 1892, and S. R. Hess, his administrator, was substituted on the record as defendant. On June 3, 1895, a verdict was rendered for plaintiff for the sum of $525, and judgment entered thereon. On December 27, 1897, plaintiff issued a fi. fa. to January term, 1898, on the judgment, and instructed the sheriff to levy upon the said real estate which Lorenz Nolde, deceased, in his lifetime had conveyed to his son, John S. Nolde, as aforesaid. On January 20, 1898, defendant obtained the rule to show cause why the said writ of fi. fa. should not be quashed or set aside.

The court discharged the rule. Defendant appealed.

*Errors assigned* among others were (1) in discharging the rule to show cause why the writ of fieri facias in this case should not be set aside. (7) In not setting aside the writ of fieri facias, for the reason that the orphans' court of Lancaster county has alone the exclusive jurisdiction to enforce by levy and sale of decedent's real estate for the payment of plaintiff's judgment. (8) In not setting aside the writ of fieri facias, because it was issued before plaintiff's bill of costs was allowed or taxed, and therefore invalid as a judgment upon which a writ of execution could issue at the time.

*W. D. Weaver* and *W. R. Wilson*, with them *B. F. Davis*, for appellant.—In any and every sense we contend that plaintiff is in the wrong court, and this raises the question of jurisdiction.

The plaintiff's whole case must rest on the assumption that the decedent, Lorenz Nolde, was the owner of the real estate levied on. This being so the writ of fieri facias, and levy in

this case must be set aside because the proceedings to sell are in the wrong court : Weimer v. Karch, 153 Pa. 385.

It has grown to the full stature and dignity of a court of exclusive jurisdiction in all that concerns its business : Whiteside v. Whiteside, 20 Pa. 473.

To the same point and equally emphatic is the language of this court in Hammett's Appeal, 83 Pa. 392, and in Phillips v. Railroad Co., 107 Pa. 472.

In Strouse v. Lawrence, 160 Pa. 421, the Supreme Court says : " A creditor cannot by an attachment execution on a judgment obtained after the death of the decedent appropriate to the payment of his debt a chose in action due to the estate of the decedent.

In Ashford v. Ewing, 25 Pa. 213, the Supreme Court says : " Since the passage of the acts of 1832, 1833, 1834 and 1836, the orphans' court has exclusive jurisdiction to make and enforce distribution of estates of intestates," and we submit this is so, whether the heirs ought to be made parties or not.

It is no answer to positive mandate of the act of assembly that the widow, heirs or legatees may, if not brought in, subsequently contest the debt and lien in an action of ejectment. The language of the act is " shall not be levied," and of course much less sold, if they have not been made parties to the record, and such is the direct decision of Sample v. Barr, 25 Pa. 457, Drum v. Painter, 27 Pa. 148, and Smith v. Grim, 26 Pa. 95.

In McClintock's Appeal, 29 Pa. 360, and many other cases before and since, the Supreme Court says : " The rights of a creditor to his just proportion of the property of the debtor vests at the death of the latter, and the law commits it to the care of an administrator in trust for all whose debts were valid and subsisting at the death of the intestate : Bossler v. Bank, 4 Pa. 32 ; Kelly's Appeal, 77 Pa. 232.

It follows, as an inevitable conclusion, that if Lorenz Nolde was the owner of the real estate levied on, it is assets for all the creditors in the hands of Mr. Hess, the administrator, and not for plaintiff only.

Defendant's complaint is that the writ of fieri facias was issued not only before the costs, which are a considerable part of it, were taxed, but were subsequently taxed, in violation of the then pending order of the court, made part of the rule to

show cause, staying proceedings until the rule to set aside was disposed of.    But we submit that the issuing of said writ of fieri facias is in direct conflict with the well considered opinion of Justice BELL in Hager v. Commissioners of Washington County, 12 Pa. 251.

*T. B. Holahan*, with him *H. M. North*, for appellee.—A conveyance of land, made with the intent to hinder, delay or defraud the creditors, is good against every interest except that intended to be hindered, delayed or defrauded: Drum v. Painter, 27 Pa. 148; Smith v. Grim, 26 Pa. 95; Zuver v. Clark, 104 Pa. 222; Bank's Appeal, 13 W. N. C. 101.

The proper mode of contesting the operation of a fraudulent conveyance is by a judicial sale at the suit of the creditor: Stewart v. Coder, 11 Pa. 90.

Lorenz Nolde having conveyed the real estate to his son John S. Nolde, on January 8, 1885, and not having died seized of it, the orphans' court had no jurisdiction to order the sale of the same: 3 Brewster's O. C. Pr. p. 50, sec. 3903.

Where an intestate does not die seized of land, the orphans' court has no jurisdiction to decree a sale of it for payment of debts, and all such proceedings in respect of it are coram non judice: Shontz v. Brown, 27 Pa. 123.

The order of sale of the orphans' court operates only on the land of the decedent, not on that of any other person: Smith v. Wildman, 178 Pa. 253.

It is not necessary to tax the costs before issuing an execution: Hart v. Dickerson, Dist. Ct. of Phila. September 16, 1848; 1 Troubat & Haley, 541; Becker v. Goldschild, 9 Pa. Superior Ct. 50.

OPINION BY BEAVER, J., December 16, 1899:

A writ of fi. fa. was issued upon a judgment obtained by the plaintiff against the administrator of the decedent and a levy made by the sheriff upon a parcel of ground conveyed by the decedent in his lifetime to his son.    No sci. fa. was issued upon the judgment to bring in the widow and heirs.    The bill of costs was not formally taxed before the issue of the fi. fa.    The appellant claims that the fi. fa. should be set aside, (1) because no sci. fa. had issued to bring in the widow and heirs; (2) that

the orphans' court has exclusive jurisdiction to make sale of the real estate of decedent; (3) that the writ was prematurely issued, because the bill of costs had not been formally taxed. The effort on the part of the plaintiff is to establish by legal steps formally taken the fraudulent character of the conveyance made by the decedent in his lifetime to his son. That deed bound the grantor and binds also his heirs and representatives. It does not lie in their mouths to assert the fraud. As against everybody, except persons intended to be defrauded, the deed of the decedent to his son was good: Drum v. Painter, 27 Pa. 148; Zuver v. Clark, 104 Pa. 222. The conveyance of the decedent to his son was good as against himself and his heirs and bad only as against creditors, if shown to be bad. "His heirs have and can have no interest in the process by which the creditor seeks to recover it or its value from the fraudulent (or supposed fraudulent) vendee, and, therefore, they were not necessary parties to the suit against the vendor's administrator, so far as it could be used to reach this land:" Smith v. Grim, 26 Pa. 95; Drum v. Painter, supra.

As to the jurisdiction of the orphans' court. In the case of Shontz v. Brown, 27 Pa. 123, cited by the appellant, in which one of the principal questions was whether the deed from father to sons was voluntary or for a valuable consideration, it is said: "But, if the deed was for a valuable consideration and not voluntary, it vested the title in the sons and the father did not die seized, unless it was fraudulent in fact. If voluntary, the fraudulent intent resulted as a conclusion of law. If not voluntary, the fraudulent intent was to be established, if at all, as a matter of fact. This is putting the question in the most favorable light for the plaintiff and perhaps too favorable, for there may be some doubt of the jurisdiction of the orphans' court, even if the deed was fraudulent as to creditors." In Drum v. Painter, supra, decided at the same term, the regularity of the sale of the decedent's title in real estate upon a writ of fi. fa. and proceedings in the common pleas was incidentally recognized, although the validity of the proceedings was not directly involved. It is to be observed that the plaintiff, in pursuing his writ of fi. fa., is simply taking one step in the direction of establishing the fraud which he alleges was practiced against him by the conveyance of the decedent to his son. The next step must neces-

sarily be to acquire such title as he alleges was in the decedent at the time of his death. When such title is acquired, if at all, the party acquiring it must establish actual fraud, in order to overcome the title made by the decedent in his lifetime, the deed purporting on its face to have been made for a valuable consideration. The orphans' court has jurisdiction to decree the sale of the real estate of a decedent for the payment of debts only when the decedent was seized of an estate at the time of his death ; but this cannot be asserted unless it be alleged at the same time that the conveyance made by the decedent was fraudulent and, as to creditors, void. In view of all that has been said in the cases herein cited, we are not prepared to say that the orphans' court might not have jurisdiction, particularly in a case where a legal fraud was manifest upon the face of the conveyance of the decedent or possibly where the administrator alleges that the conveyance was fraudulent as to creditors, but here the administrator denies that the land was part of the assets of the estate and is therefore not in position to interfere with a creditor who is pursuing a mode recognized in Drum v. Painter, supra. Whether or not the orphans' court would have jurisdiction in the present case it is not necesssay for us to decide, inasmuch as we are satisfied that its jurisdiction is not exclusive.

As to the failure to tax the bill of costs in accordance with the rule of court, it is clear that the plaintiff having paid or being liable to pay his witnesses could proceed to collect his judgment, without attempting to collect the costs. The failure to tax the bill, therefore, could not invalidate the writ of fi. fa., so far as the debt and interest and officers' costs were concerned, and, even as to the plaintiff's bill itself, the court has entire control of that and could impound it, if necessary, until any errors therein were corrected. It is not alleged, however, that the bill was in any manner erroneous. The rule of court in Lancaster county governing the taxation of costs itself provides that "No exceptions or appeal shall operate to stay execution or prevent the collection of debts or costs ; but, when collected on execution or paid into court, the costs excepted to shall be retained, until the question is decided." As was said in Becker v. Goldschild, 9 Pa. Superior Ct. 50, "Ample provision is made by (this) rule for the protection of the defendant in the

execution from fraud or imposition." A rule of practice such as is contended for by the appellant would be a convenient cloak for delay and fraud, to the chances of which meritorious and vigilant creditors should not be subjected.

On the whole case, as presented to us, the court below was correct in maintaining the validity of the writ of fi. fa. issued by the plaintiff and its decree is affirmed.