# Mitchell, Appellant, *v.* Mitchell.

*Deed—Fraud—Notice—Creditor.*

The principle volenti non fit injuria is a good defense to what would otherwise be actual fraud, and a fortiori it is good against merely constructive fraud.

Where a creditor knows and assents to a conveyance by his debtor to the latter's wife, he cannot after having secured a judgment against the debtor sell the property conveyed as that of the debtor.

*Evidence—Witness—Competency of witness—Attorney at law.*

An attorney at law who acts for both parties in negotiations or communications in presence of both is a competent witness for either as to such matters.

Argued April 13, 1905. Appeal, No. 32, Jan. T., 1905, by plaintiff, from judgment of C. P. Luzerne Co., Oct. T., 1902, No. 190, on verdict for defendant in case of Joseph Mitchell v. Frederick E. Mitchell, Polly Mitchell et al. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Ejectment for land in the city of Wilkesbarre. Before HALSEY, J.

At the trial it appeared that Frederick E. Mitchell was indebted to his brother, Joseph Mitchell, in the sum of $100. On September 26, 1900, while the debt was unpaid, Frederick E. Mitchell in consideration of $1.00 and of natural love and affection conveyed the land in dispute to his wife, Polly Mitchell. This conveyance was made with the knowledge and assent of Joseph Mitchell. Subsequently Joseph Mitchell recovered a judgment against Frederick E. Mitchell, and condemned and sold as the property of Frederick E. Mitchell, the land conveyed to the latter's wife. The sheriff made a deed to Joseph Mitchell, who subsequently brought this suit. The court admitted under objection and exception the testimony of John Dando, an attorney at law, who represented Joseph Mitchell and Frederick E. Mitchell, in matters relating to the execution of the deed to Mrs. Mitchell.

Verdict and judgment for Polly Mitchell. Plaintiff appealed.

*Errors assigned* among others were (5) in admitting the testimony of John Dando, and (15) in refusing binding instructions for plaintiff.

*John E. Jenkins,* with him *Lawrence B. Jones,* for appellant.

*Daniel A. Fell,* for appellee, was not heard.

PER CURIAM, May 8, 1905:

The principle volenti non fit injuria is a good defense to what would otherwise be actual fraud: Zuver v. Clark, 104 Pa. 222, and a fortiori it is good against merely constructive fraud. The jury have found that plaintiff knew and assented to the conveyance by defendant to the latter's wife. That ended the plaintiff's case.

An attorney at law who acts for both parties in negotiations or communications in presence of both is a competent witness for either as to such matters: Goodwin Gas Stove & Meter Co.'s Appeal, 117 Pa. 514.

Judgment affirmed.