## City of Philadelphia *v.* Kelly et al., Appellants.

*Appeals—Costs—Taxing of costs—Time of appeal—Act of June 5, 1913, P. L. 422.*

In an appeal by defendant from an order of court refusing to quash an alias writ of scire facias, and strike off the judgment, the costs on appeal are to be determined and paid in accordance with the law then in force.

Under the provisions of the Acts of April 27, 1909, P. L. 263, and June 5, 1913, P. L. 422, the expense of printing paper books in the appellate courts forms a part of the taxable costs of the case. It is immaterial that at the time the municipal lien was filed and the original scire facias issued, the expenses of printing the paper books did not form a part of the costs. The losing party is responsible for the costs which are taxable under the law at the time the appeal is taken.

Argued October 10, 1923. Appeal, No. 137, Oct. T., 1923, by defendants, from the decree of C. P. No. 1, Phila. Co., Dec. T., 1873, No. 309, sustaining plaintiff's appeal from taxation of costs by Prothonotary in the case of City of Philadelphia, to Use of Jacob M. Peters v. J. Kelly, George D. B. Kelly, Samuel M. McDowed, Harriet T. Wright and Thomas B. Gibb, Executor of J. McGregor Gibb, Deceased. Before ORLADY, P. J., HEN-

112, (1923).] Statement of Facts—Opinion of the Court.
DERSON, PORTER, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Appeal from taxation of costs by Prothonotary. Before SHOEMAKER, P. J.

The facts are stated in the opinion of the Superior Court.

The court sustained the appeal and struck off the judgment for costs. Defendants appealed.

*Roland C. Heisler,* and with him *Dickson, Beitler and McCouch,* for appellants.

*William E. Mikell, Jr.,* and with him *Saul, Ewing, Remick and Saul,* for appellee.

OPINION BY KELLER, J., November 19, 1923:

It is immaterial in this appeal that at the time the municipal lien was filed (January 16, 1874), and the original scire facias thereon was issued, (November 16, 1878), and the verdict therein was rendered, (September 23, 1881), the expense of printing paper books in the appellate courts formed no part of the taxable costs in the case. When the defendant appealed from the order of the court below refusing to quash the alias writ of scire facias and strike off the judgment entered therein, (June 15, 1915), the law as respects such costs had been changed and the appeal was governed by the law then in force: Duff v. Thrall, 39 Pa. Superior Ct. 254.

That appeal resulted in the reversal of the judgment appealed from. The writ of alias scire facias was quashed and the judgment entered therein was stricken off. See Phila. to use, v. Kelly, 63 Pa. Superior Ct. 133.

The statutes governing such costs are the Acts of April 27, 1909, P. L. 263, and June 5, 1913, P. L. 422.

The Act of 1909 provides: "That in all cases, either in law or equity, wherein an appeal is taken from any judgment, decree, or order to the Supreme or the Supe-

rior Court, the party in whose favor the final decision is rendered shall be entitled to charge, and collect from the losing party as part of the costs, such amount as shall have been expended for printing paper books upon said appeal. The cost of printing the paper book of each party shall be taxed as costs, collectible by the attorney of record of such party in such appeal. Said amounts to be taxed and collected in the same manner as costs are now taxed and collected by law."

Section 1 of the Act of 1913 provides, in part, as follows: "That in all appeals to the Supreme or Superior Court, when the judgment, order, sentence, or decree is reversed by said appellate court, without a venire or order and judgment as to the payment of costs, the lawful costs in said case, taxed in the lower court, shall be paid by the losing party in such appeal; and, on the filing of the remittitur in said lower court, the proper officer shall enter judgment against said losing party, upon which judgment due process may issue for the collection thereof."

There can be no doubt that the final decision in the appeal, reported in 63 Pa. Superior Ct. 133, was rendered in favor of the defendant, nor that the use-plaintiff in the scire facias was the "losing party." This court declared that the municipal claim in suit was no longer a lien on defendant's land; that failure to prosecute the lien and keep it revived had relieved the land of its burden. It matters not that the municipal claim and the verdict rendered in the original scire facias were not disturbed. The appeal decided that the lien against the defendant's property was irrevocably lost. "When the lien against the property is lost, it is a lien against nothing. No action in the form of a scire facias can be sustained upon it." Ibid, p. 136. Without regard, therefore, to the original force and validity of the municipal claim, the final decision in that appeal was rendered in favor of the defendant and he was entitled to charge and collect from the losing party, the use-plaintiff, the

amount expended for printing the paper books as part of the costs of the appeal: Matthews v. Tyrone Coal Co., 74 Pa. Superior Ct. 588.

This was not affected by the fact that the proceeding was in rem. It is rather a novel proposition that a plaintiff, who proceeds, for instance, by scire facias sur mortgage, or scire facias sur mechanic's lien, is free of liability for costs if he fails in his action, merely because the proceedings are in rem. Just as in other actions, if he is unsuccessful, he is personally liable for costs. If he is successful, the costs follow, and are on the same plane as the judgment and are collectible out of the land; but, if the owner of the land appeals from the judgment below, in order to make the appeal a supersedeas he must give bond with sufficient security in double the amount of the judgment and costs: Smead v. Stuart, 194 Pa. 578; and thus supplements the liability in rem with his personal liability, as to both judgment and costs.

The question of laches was not raised in the proceedings or argued in the court below, and we are of opinion that it has no application here. The bill of costs was filed within two weeks after the return of the remittitur. Formal taxation of the costs has not always been held necessary: McGibbeny v. Jefferson Gas Co., 139 Pa. 193; Becker v. Goldschild, 9 Pa. Superior Ct. 50; Irwin v. Hess, 12 Pa. Superior Ct. 163. The use-plaintiff could have excepted to the bill and entered a rule to have the costs taxed before the prothonotary: Irwin v. Hanthorn, 6 Pa. Superior Ct. 165; McGibbeny v. Jefferson Gas Co., supra. The delay was as much chargeable to him as to the defendant.

The order of the court below is reversed and the taxation of costs by the prothonotary is reinstated and affirmed at the costs of the appellee, the use-plaintiff in the action.