## Cockcroft v. Metropolitan Life Insurance Co.

*Albert L. Moise*, for plaintiff.
*Owen B. Rhoads*, for defendant.

BLUETT, J., January 25, 1938.—This is an action in assumpsit upon a life insurance policy. A trial was had before a judge without a jury which resulted in a finding for plaintiff in the sum of $1897.05. Upon defendant's motions for a new trial and for judgment n. o. v. being dismissed, appeal was taken to the Superior Court which, on January 29, 1937, reversed the judgment entered for plaintiff on the verdict and directed a new trial. Jury fee having been paid and a jury trial demanded, on October 6, 1937, the case was tried before a judge with a jury; said trial resulting in a verdict for the defendant. Plaintiff's motion for a new trial was dismissed by the court on December 29, 1937.

On January 10, 1938, pursuant to order of defendant's attorney, "judgment [was] entered for defendant for costs; judgment for plaintiff having been reversed."

On January 13, 1938, pursuant to order, "the court directs the prothonotary to enter judgment for the defendant."

The present rule of plaintiff is taken to strike off the judgment of January 10, 1938, on the ground that there is no legal authority for the entry of said judgment; that the said judgment is a duplication; and that there are now two judgments for costs.

Costs depend entirely upon statutes. The Act of May 19, 1897, P. L. 67, sec. 21, provides that:

". . . costs in any appealed cause shall consist of the amount paid the prothonotary, or clerk of the court below and of the appellate courts, an attorney fee of three dollars in each court to which an appeal is taken. Such costs shall be paid by the party finally losing the cause, except as herein otherwise provided and in equitable proceedings where the court shall otherwise direct."

The Act of April 15, 1907, P. L. 83, sec. 1, 12 PS §1193, and the Act of April 27, 1909, P. L. 263, 12 PS §1193, provide for the payment of the printing of paper books upon appeal as part of the costs to the party in whose favor the final decision is rendered and said costs are to

be "taxed and collected in the same manner as costs are now taxed and collected by law." Under the practice as it has grown up in Philadelphia, after a motion for a new trial has been dismissed, the prothonotary enters judgment on the verdict or finding, upon request of the attorney. Under the authorities a judgment so entered by the prothonotary carries with it the costs allowed by the various acts of assembly.

The party obtaining "the final decision" is undoubtedly the party which is entitled to obtain the costs, following the final decision, and it does not depend upon the outcome of any particular appeal: Tressler v. Emerick, 84 Pa. Superior Ct. 461; City of Philadelphia v. Kelly et al., 82 Pa. Superior Ct. 112.

It will appear, as the record now stands, that the defendant is entitled to a judgment for the costs, but inasmuch as a judgment carries costs with it, it would appear to be surplusage to allow two judgments, both of which might carry costs. And then too, in the event of a further appeal, it might be necessary for plaintiff to take two appeals instead of one.

Defendant contends that both of the judgments are proper, and that the judgment of January 10, 1938, was entered in accordance with the provisions of the Act of June 5, 1913, P. L. 422, sec. 2, 12 PS §1194.

With this contention we cannot concur, for a reading of the statute would seem to indicate that this statute was intended to cover instances where appeals had been taken, as the result of which new trials were ordered by the appellate court, and where in such cases the cause of action was not again tried in the lower court within one year after the remittitur was filed.

In the instant case, it will be noted that the remittitur was returned to our court on February 9, 1937, and the case was again tried on or about October 26, 1937, a period of only eight months instead of over a year.

We think the one judgment of January 13, 1938, entered for defendant, would be sufficient to carry with

it any and all costs allowed by the various acts of assembly, in favor of defendant. We think, therefore, that the judgment entered January 10, 1938, should be stricken off, in accordance with plaintiff's rule, and, therefore, the plaintiff's rule is made absolute.