## Case No. 14,793a.

### UNITED STATES v. CIGARS, etc.

[37 Leg. Int. 237; 1 14 Phila. 554.]

District Court, E. D. Pennsylvania. May 25, 1880.

INTERNAL REVENUE—FEES OF OFFICERS—HOW ACCOUNTED FOR.

Officers' fees in revenue cases need not be immediately paid over to the internal revenue department, but may be accounted for in the semi-annual returns of the officers. And in certain other causes of information. for forfeiture, as also in certain actions of debt. etc.

[These were actions for forfeiture of certain cigars late in the possession of Edward Bolin.] Heard upon motion for order to pay the whole fund in the registry of the court in each of the causes (including the fees, costs, charges and expenses of the officers of the court) to the local collector of internal revenue.

John K. Valentine, U. S. Dist. Atty., for the motion.

A. Sydney Biddle, contra.

Before McKENNAN, Circuit Judge, and BUTLER, District Judge.

BUTLER, District Judge. This motion contemplates a change of practice, respecting officers' fees, in revenue cases. Heretofore, the fees in these, as in all other cases, have been retained by the officers when collected and received, and accounted for in their semi-annual returns. Now, it is claimed, that the amount should be paid over to the internal revenue department, through the collector, and the officers look to the treasury for its return. That the practice heretofore pursued conformed to the law, as it existed prior to the act of June 30, 1864 [13 Stat. 223], re-enacted July 13, 1866,—Rev. St. § 3216 [14 Stat. 98],—is not, I believe, open to doubt. The act of February 26, 1853,—Rev. St. §§ 823, 828, 839, 842 [10 Stat. 161],—prescribes what fees shall be allowed to the clerk, district attorney and other officers; and sections 839, 842 and 844 show, with great distinctness, that these fees are to be retained by the officers, when received, until the limit fixed, as the maximum of their compensation, is exceeded. Each one of these sections 839, 842, and 844, recognizes this right to retain, in plain terms, the last declaring "that every district attorney, clerk and marshal shall at the time of making his half-yearly return to the attorney-general pay into the treasury * * * any surplus of the fees and emoluments of his office, which said return shows to exist, over and above the compensation and allowances authorized by law to be retained by him." Section 856 provides that "the fees of district attorneys, clerks and marshals. * * * in cases where the United States are liable to pay the same, shall be paid on settling their accounts at the treasury." And on this language, and that

---

1 [Reprinted from 37 Leg. Int. 237, by permission.]

of the act of July 13, 1866 (Rev. St. § 3216), the argument in support of the motion is based. The "cases where the United States are liable to pay" (referred to in section 856) are not, however, suits in which the fees are collected from its antagonists; but others, in which it is an unsuccessful party; and also where services are required (such as the act specifies), for which no fees are taxed to the defendant. Where the United States is successful, and the fees are recovered from the defendant, it is not liable to pay, and the case does not fall within this section. This construction is reasonable, and conforms to the language employed; while any other would bring the section in conflict, not only with the several sections before referred to (which provide, as has been seen, for the officers' retention of their fees), but also with the section immediately following it (857), which directs that "the fees and compensation of officers and persons hereinbefore mentioned, except those which are directed to be paid out of the treasury, shall be recovered in like manner as fees of the officers of the states respectively for like services are recovered." The distinction in the mind of the draughtsman, which, without this section, would have been plain, is thus put beyond doubt. The fees, other than those which are to be paid out of the treasury, are those which are taxed and collected in suits; and these are to be recovered as like fees are recovered by similar officers of the state. In Pennsylvania such fees are recovered by taxation and execution, if not voluntarily paid; and when recovered belong exclusively to the officer. The plaintiff in whose suit they are collected has no claim upon nor responsibility respecting them. Beale v. Com., 7 Watts, 186. In this case Chief Justice Gibson says: "He who orders the service is also liable on an implied contract. Down to the receipt of them (the fees), by the sheriff, he certainly is; but it cannot be doubted that payment to the agent of the creditor, by the debtor ultimately liable, discharges the collateral liability of the intermediate one. If the money be lost in the sheriff's hands, it is lost to him whose property it was at the time; for a loss which would not have happened without some degree of negligence must be borne by him whose inattention occasioned it, and it is the business of the officer to see that the sheriff pay over his fees."

The act of July 13, 1866,—which provides "that all judgments, and moneys recovered or received for taxes, costs. forfeitures and penalties, shall be paid to collectors as internal taxes are required to be paid,"—effects no change in the existing law, except to require the costs, which belong to the government, to be paid into a different department, in internal revenue cases. These costs consist in expenditures made by it, during the progress of suits, and taxed to, and recovered from, defendants, on its account. And this manifestly, was the only purpose of the act. It does not require the officers' fees to be thus paid over; and no proper object is discoverable for such a requirement. The fees belong to the officers as the emoluments of their offices. Conceding that congress might require the payment, and send the officers to another department to recover back, such a purpose will not be attributed to the statute in the absence of plain terms to that effect.

This interpretation gives full force to the language of the statute, and, I have no doubt, to its purpose. The distinction between costs to which a successful party is entitled, and fees belonging to an officer, is well understood by the profession; and is judiciously stated by the court in Musser v. Good, 11 Serg. & R. 248, and again in Beale v. Com., before cited. In the former case the court says: "Costs are an allowance to a party for expenses incurred in conducting his suit; fees are a compensation to an officer for services rendered in the progress of the cause." The act of 1866, manifestly, recognizes this distinction, and was not intended to affect the officers referred to, by taking possession of their fees, but simply to turn the money coming to the government, in the form of costs, from revenue cases, into another department, more appropriate for its reception. The entire amount collected in the cases referred to has been paid into court; and we regard this as a proper practice, as it affords all persons interested an opportunity of contesting the officers' claims. The motion is therefore denied.

McKENNAN, Circuit Judge. The statutes referred to in the opinion of the district judge apply, as well to the disposition of money collected, or paid under proceedings in the circuit court, as to money in the custody of the district court. Hence it was desired that the circuit judge should sit with the district judge at the argument of the motion. The questions involved in it were argued with great fulness and ability, and the foregoing opinion is the result of our concurrent judgment. It is to be understood, therefore, as practically an adjudication by both courts, and as establishing the rule by which similar applications will be determined by the circuit court.