E. M. SANFORD, *et al.*, V. N. FRANKHOUSER, *et al.*

JUDGMENT *Against Surety for Costs; Notice.* In an action where security for costs has been given by the plaintiff, and afterward final judgment is rendered against the plaintiff for costs, and afterward certain persons interested in the costs, and seeking to have the said judgment extended under ¿ 585 of the civil code, so as to make it a judgment against the sureties for costs, as well as against the plaintiff, gave to said sureties the following notice (omitting the title), to wit: "You will take notice that a motion will be made on behalf of the officers and ex-officers of this court having fees in the above-entitled cause, to take judgment against you as sureties on plaintiff's bond for costs in the above-entitled cause at one o'clock P. M., Feb. 24th, A. D. 1879, or as soon thereafter as counsel can be heard, at the court house at Lyndon.—N. F., Sheriff," *held,* that said notice is sufficient.

*Error from Osage District Court.*

ON the 24th of April, 1879, the district court gave a certain judgment for *Frankhouser* and two others, against *Sanford* and two others, who bring the case here. The nature of the action, and the facts, appear in the opinion.

*James Rogers,* and *E. M. Sanford,* for plaintiffs in error.

*Thos. Donnell,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: Henry Morrell brought an action in the district court of Osage county, Kansas, against Edward Ingle and others. E. M. Sanford, James Rogers and Joseph McDonald became security for costs for Morrell. Afterward, it would seem, judgment was rendered against Morrell for costs, and he failed to pay them, and they could not be collected from him. Afterward, the following notice (omitting the title) was served upon said Sanford, Rogers and McDonald, to wit:

"*To Joseph McDonald, James Rogers and E. M. Sanford:* You will take notice that a motion will be made on behalf of the officers and ex-officers of this court having fees in the

above-entitled cause, to take judgment against you as sureties on plaintiff's bond for costs in the above-entitled cause, at one o'clock P. M., Feb. 24th, A. D. 1879, or as soon thereafter as counsel can be heard at the court house, at Lyndon.

"N. FRANKHOUSER, *Sheriff.*

"J. T. UNDERWOOD, *Under-Sheriff.*

"THOS. DONNELL, *ex-Clerk.*

"By THOS. DONNELL, their Attorney."

Afterward, a motion, such as is contemplated in the foregoing notice, was filed in the district court, but, as the motion was undoubtedly sufficient—being very much fuller and more complete than the notice, and as no question has been raised as to its sufficiency, we shall not give a copy thereof, or say anything further with regard thereto. Afterward, Sanford, Rogers and McDonald made a special appearance in the district court and filed the following motion (omitting the title), to wit:

"In the matter of Thos. Donnell, Clerk, N. Frankhouser, Sheriff, and Jesse Underwood, Under-Sheriff, against James Rogers, E. M. Sanford and Joseph McDonald, sureties for costs in the above-entitled case:

"Come now James Rogers, E. M. Sanford and Joseph McDonald, and each for himself makes a special appearance herein for the purpose of this motion only, and for no other purpose whatever, and moves the court for an order setting aside the service of notice as to each and all of these persons of a motion to enter judgment against each and all of us, for the following reasons, to wit: Because it does not state the amount of money for which judgment will be obtained; because it is indefinite and uncertain; because it does not show in whose favor the judgment shall or will be rendered; because it does not show the separate amount of costs for each officer that judgment should be in favor of; because it does not show the nature and tenor of the order applied for.

"JAMES ROGERS, *in Person.*

"E. M. SANFORD, *in Person.*

"ROGERS AND SANFORD,

"*Attorneys for Joseph McDonald for this purpose only.*"

The court overruled this motion, and said sureties making no. further appearance in the case, the court then rendered judgment in favor of the said defendants, and against the

said sureties, for the amount of said costs. But as no question is raised with regard to the judgment, independent of said notice, it will not be necessary to say anything further with regard to the judgment.

The only question raised in the case is, whether said notice is sufficient or not. The statute under which this proceeding was had, reads as follows:

"Sec. 585. After final judgment has been rendered in an action in which security for costs has been given, as required by this article, the court, on motion of the defendant, or any other person having a right to such costs, or any part thereof, after ten days' notice of such motion, may enter up judgment in the name of the defendant or his legal representatives, against the surety for costs, his executors or administrators, for the amount of costs adjudged against the plaintiff, or so much thereof as may be unpaid. Execution may be issued on such judgment as in other cases, for the use and benefit of the persons entitled to such costs." (Comp. Laws of 1879, p. 682.)

We think that the notice was sufficient, and that the ruling of the court thereon was correct. The only object that was expected to be accomplished, or that could properly be accomplished by the notice and its succeeding motion and order, was to have the judgment, which had already been rendered in favor of Ingle and the other defendants against Morrell for costs, so extended as to make it a judgment for costs against Morrell's sureties also, to wit: Sanford, Rogers and McDonald. And any person interested in such judgment or costs had a right to give the notice, and to make the motion, and to procure the necessary order of the court to be rendered. And when the order was made, if made properly, it would inure to the benefit of all persons interested in the costs; and as the records and proceedings of the case must show who were entitled to costs or fees, and the amounts going to each, it was not necessary for the notice to state these matters. The costs must be considered as taxed against the sureties just as they had been taxed originally against Morrell. If, however, some of the costs had been taxed errone-

ously against Morrell, or if some of them had been paid, it was the duty of the sureties, on receiving said notice, to appear before the court, and make these matters known to the court, and then all proper correction could be made. This kind of proceeding, to extend a judgment for costs so as to make it a judgment against the sureties for costs, was not intended to be carried on in the formal manner in which an original action would be carried on. It is merely a summary and auxiliary proceeding in an action in which all the principal and substantial questions have already been settled and determined. And it is no more difficult to calculate or to determine to whom the costs in the case belong after the judgment is extended against the sureties, than before. The only difference is, that after such judgment has been extended to the sureties, the execution may issue on such judgment against the property of the sureties, as well as against the property of their principal.

The judgment of the court below will be affirmed.

All the Justices concurring.