### AIKEN et al. v. SMITH.

(Circuit Court of Appeals, Fifth Circuit. June 13, 1893.)

No. 139.

1. COSTS—SET-OFF—ADMIRALTY APPEALS.
   An appellate court, in an admiralty case, reversed a decree in favor of the libelant, and directed a decree in his favor for a smaller sum, with the costs of the district court, but condemned him to pay the costs of the appellate court. *Held,* that costs in the appellate court could not be set off against the unpaid costs of the district court, so as to prevent the officers of the latter from collecting the sums due them from the claimant.

2. SAME—OWNERSHIP OF COSTS—COURT OFFICERS.
   Under Rev. St. § 823, taxable costs earned by clerks, marshals, commissioners, and proctors are their individual property, and not that of the parties to the cause in which they have been earned.

3. SAME—EFFECT OF STATE STATUTES.
   The fact that Rev. St. § 857, provides that the fees of court officers shall be recovered in like manner as the fees of officers in the state courts, will not make applicable to the federal courts sitting in New Orleans a special state statute applying only to the parish of Orleans, and which establishes a practice different from the general law of the state.

Appeal from the District Court of the United States for the Eastern District of Louisiana. Affirmed.

John D. Grace, for appellants.
Richard De Gray, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

PARDEE, Circuit Judge. The appellee, Charles Smith, libeled the steamboat Whisper on account of injuries sustained and for wages. The appellants, Aiken and others, as claimants and owners of the steamboat Whisper, bonded the steamboat, and contested the libel. On the hearing the district court rendered judgment against the steamboat Whisper, and over against the claimants and their sureties on the release bond, in the sum $506.75. The appellants appealed the case to this court, where, on hearing, the following decree was entered:

"On consideration whereof it is now here ordered, adjudged, and decreed that the decree of the said district court in this cause be, and the same is hereby, reversed, and this cause remanded to said district court, with instructions to render a decree in favor of the appellee and libelant, Charles Smith, for the sum of six and seventy-five one hundredths dollars ($6.75) and the costs in that court. It is further adjudged and decreed that the appellee, Charles Smith, be condemned to pay the costs of this cause in this court and the costs of appeal for which execution may be issued out of said district court." See 54 Fed. Rep. 896.

The proper mandate was awarded in this court, and the same filed and entered in the district court on the 24th day of February, 1893. On February 28th, the proctor for the appellants, suggesting to the district court that the said appellants referred to in said mandate are justly and legally entitled to retain for their own use and benefit, and in part payment of the costs incurred by them on appeal, the costs due by them under the terms of said mandate, and that compensation takes place to said extent, and that for the balance remaining due and unpaid as per statement the said appellants are entitled to issue execution against libelant, and that the mandate should be so interpreted and construed, obtained a rule against the libelant to show cause why a decree should not be entered conformable to said suggestion. The district judge rendered judgment on said rule March 24, 1893, as follows:

"The appellate court decreed that the libelant should recover $6.75 damages and the costs in this court, and that in that court the appellant should recover costs. The question submitted is whether the costs in one court can be set off against the damage and costs in the other court. So far as the damages are concerned, it is ordered that the costs in the appellate court may be offset against the damages; but, the court being of opinion that, so far as the marshal's, clerks', commissioners', and attorneys' fees (taxable costs) are concerned, those officers, by virtue of having earned the costs for which the libelant has recovered judgment, respectively have liens upon said judgment for the amounts of their respective judgments for the amount of their unpaid fees, it is ordered that to the extent to which such fees have been paid the said officers the set-off be allowed, and to the extent to which such fees have not been paid the said officers the said set-off be refused. No objection being made to the power of a court of admiralty to entertain a rule or motion for a set-off of judgment, and that power being conceded, the court does not pass upon that question. Judgment rendered March 24, 1893. Judgment signed March 29, 1893."

Thereafter, on the 31st day of March, 1893, the district court entered a formal decree on the mandate of this court in terms in strict accordance therewith. From this decree, and the preliminary one of March 24th, the present appeal is taken, the appellants making nine specific assignments of error, but all raising practically

the same question, to wit, whether compensation should be allowed between the costs recovered in favor of the libelant in the district court and the costs recovered in favor of the claimants under the decree of this court to such an extent that the officers of the district court are precluded from collecting their fees earned in the prosecution of the libel, except as they can be collected from the libelant.

Section 823 of the Revised Statutes provides as follows:

"The following and no other compensation shall be taxed and allowed: To attorneys. solicitors, and proctors in the courts of the United States, to district attorneys, clerks of the circuit and district courts, marshals, commissioners, witnesses, jurors, and printers in the several states and territories, except in all cases otherwise expressly provided by law."

Under this statute the fees of the clerks, marshals, commissioners, and proctors are their individual property, and not that of the suitors or parties to the cause wherein they have been earned. U. S. v. Cigars, 2 Fed. Rep. 495; The Baltimore, 8 Wall. 392. The law was the same prior to the passage of the fee bill of 1853, now section 823 et seq., Rev. St.,) and was so held in Collins v. Hathaway, Olcott, 177. The appellants contend that the fees allowed officers are only taxable and enforceable against the party requiring their services, and, if they fail to require prepayment or security in advance, they cannot look to the party cast, nor claim any benefit under the judgment or decree rendered in the case; particularly if the opposing parties have conflicting demands which ordinarily would compensate each other; and they rely on section 857, Rev. St., which provides as follows:

"The fees and compensation of the officers and persons hereinbefore mentioned, except those which are directed to be paid out of the treasury, shall be recovered in like manner as the fees of the officers of the states respectively for like services are recovered."

And they cite Act No. 136 of 1880, Laws of Louisiana, which is a special law, relating only to some of the courts in the parish of Orleans. Without admitting any force to the contention, we notice that the law of Louisiana with regard to recovering costs is that they are to be paid by the party cast, and the general remedy is by execution. Code Pr. arts. 549–552, inclusive; Rev. St. La. §§ 750, 751. It is true that in the parish of Orleans an exceptional system prevails of collecting costs in advance by the use of stamps, to be eventually recovered back if the adverse party is cast; but no such exceptional system can have effect in the courts of the United States, although these courts happen to sit in the parish of Orleans. There is no law nor rule of court which causes an officer to lose his fees by not requiring payment in advance. "The assumption that parties obtain personally the costs awarded on the decision of the suit in prosecution is essentially erroneous. It is so only theoretically. The general decree gives costs nominally to a party in the action, but in reality nothing passes by it into his hands beyond the reimbursement of witnesses', fees or advances actually made by him to other ends than pay-

ment of his proctors' and advocates' fees. The taxed costs belong to them, and their rights thereto will be protected by the court against the exercise of any authority over them by the party himself to their prejudice." Collins v. Hathaway, supra.

For these reasons we approve the ruling of the district judge, and we find no error in the decrees appealed from, and the same are affirmed, with costs.