---

HOYSRADT v. DELAWARE, L. & W. R. R.

(Circuit Court, M. D. Pennsylvania. November 16, 1910.)

No. 3, October Term, 1902.

1. CLERKS OF COURTS (§ 48*)—FEES—MAKING AND CERTIFYING RECORD FOR APPELLATE COURT—"MAKING A RECORD."

Where a clerk of a Circuit Court makes and certifies a record in response to a writ of error or appeal, he is not merely making a transcript or copy, but is "making a record," within Rev. St. § 828 (U. S. Comp. St. 1901, p. 635), providing that a clerk of the Circuit Court shall be entitled for making a record to 15 cents a folio.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. § 76; Dec. Dig. § 48.*]

2. CLERKS OF COURTS (§ 60*)—FEES—DEMAND IN ADVANCE.

The clerk of the Circuit Court is entitled to demand his fees in advance, being required to account therefor to the government whether collected or not, having once been earned.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. § 66; Dec. Dig. § 60.*]

3. COSTS (§ 238*)—COSTS ON APPEAL—CLERK'S FEES—MISTAKE—DEFENDANT'S LIABILITY—RETAXATION.

Defendant, having been cast in an action at law, sued out a writ of error and paid the clerk for certifying the record $815.50, which was at the rate of 10 cents a folio. Judgment having been reversed, the clerk certified such amount in a statement of costs to the defendant on which settlement was made between the parties; plaintiffs paying the amount and defendants giving a receipt in full. It being subsequently determined that the clerk was entitled to 15 cents a folio, they were retaxed for the difference demanded. Held, that defendants, having been successful on appeal, were not bound to pay such difference on retaxation, even though the clerk might have exacted the same from them in the beginning, or might sue for them as for unpaid services.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 238.*]

4. COSTS (§ 238*)—FEES—MISTAKE OF CLERK—SETTLEMENT BY PARTIES—LIABILITY OF LOSING PARTY.

Where a clerk of the Circuit Court charged 10 instead of 15 cents per folio for making and certifying a record on a writ of error for defendant, and after reversal of the judgment the parties settled on the basis of a statement of the costs made by the clerk containing the same mistake, such settlement did not relieve plaintiff, who lost the suit and was cast for the costs, from the obligation to respond to the clerk for the difference.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 238.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. Costs (§ 279*)—Fees—Collection.
Where a Circuit Court clerk erred in the rate of fees charged defendant for certifying a record on appeal to the Circuit Court of Appeals, and after reversal the parties settled on the basis of a statement of the costs given by the clerk containing the same mistake, the clerk under the Pennsylvania practice was nevertheless entitled to enforce collection of the difference as against plaintiff by a judgment and execution in the name of defendant as the successful party.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 279.*]

6. Costs (§ 279*)—Officers' Fees—Collection.
Though the legal title to costs, including officers' fees, is in the successful party, he holds the same as trustee, and the officers may therefore recover them in his name.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 279.*]

7. Costs (§ 279*)—Retaxation—Officers' Fees Paid—Notation of Record.
Though a taxation or retaxation of costs can only be made at the instance of a party, and must be confined to the compensation of the parties for the expenses of litigation, as distinguished from officers' fees, it is unnecessary that unpaid fees of officers shall be formally taxed as costs in order to support an execution therefor; it being sufficient that they are noted of record or are entered on the writ.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 279.*]

8. Costs (§ 279*)—Officers' Fees—Collection.
Fees due officers of the court are usually ascertained and entered of record by the clerk subject to review on appeal, and as so ascertained and taxed they become costs in favor of the successful party, according to the Pennsylvania practice, and attach to the judgment which is finally entered for the benefit of those to whom they belong.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 279.*]

9. Costs (§ ·238*)—Fees—Mistake.
Where a Circuit Court clerk erroneously taxed 10 instead of 15 cents a folio for certifying a record in response to a writ of error at defendant's instance, and on reversal certified a statement of the costs containing the same mistake on which a settlement was had, between the parties, the clerk on discovering the mistake properly called the parties before him and explained the difference and charged the same against plaintiff as the unsuccessful party on the writ of error.

[Ed. Note.—For other cases, see Costs, Dec. Dig. § 238.*]

Ejectment by Caroline L. Hoysradt and others against the Delaware, Lackawanna & Western Railroad and another. On plaintiff's appeal from taxation of costs. Appeal dismissed, and taxation confirmed.

W. J. Torrey, for plaintiffs.
Everett Warren, for defendants.

ARCHBALD, District Judge. The plaintiffs recovered a verdict in this case, on which, by direction of the court, judgment was entered (151 Fed. 321); but, on error to the Court of Appeals, this was reversed and judgment given for the defendant (159 Fed. 383, 86 C. C. A. 383); and on application to the Supreme Court a certiorari was denied (209 U. S. 551, 28 Sup. Ct. 761, 52 L. Ed. 922); upon which the mandate from the Court of Appeals was sent down and filed here June 24, 1910. The case having thus been finally disposed of on the

merits, the clerk of this court was called on by the defendants for a statement of the costs, which he certified as follows:

| | |
|---|---:|
| Costs taxed on mandate | $1,164 25 |
| Defendants' bill of costs | 278 00 |
| Costs to clerk on certifying record to Court of Appeals | 815 50 |
| Attorney fee | 20 00 |
| Total | $2,277 75 |

This statement was made the basis of a settlement between the parties; the plaintiffs, as the losing party, paying the amount, and the defendants giving a receipt in full.

At the time the case was taken to the Court of Appeals, the clerk of this court, after certifying the record, asked, and was paid by the defendants who took the case up, the sum of $815.50; this being calculated on 8,155 folios, at 10 cents a folio, the rate which the clerk had been accustomed to charge. And, upon payment being made by the defendants, he accounted to the government therefor. Upon a recent examination of his accounts, however, by a special representative from the Attorney General's office, it was held that he should have charged 15 cents a folio, and that he was liable in consequence for the difference, $407.75, with which he was accordingly surcharged. On having his attention called, in this way, to the mistake which he had made, the clerk gave notice to counsel for the respective parties that, on a day certain, the costs would be retaxed by him. And on the day fixed, after fully canvassing the matter, the clerk corrected his former entry, and retaxed, at $1,223.25, the fees due him for certifying the record, crediting $815.50, the amount received, and leaving $407.75 still due. This item he taxed against the plaintiffs, as the losing party, and that is the subject of the present appeal.

It is not seriously disputed that, provided he had done so when the writ of error was taken, the clerk was authorized to charge at the rate of 15 cents a folio for certifying the record, and that he could have exacted it of the defendants, for whom the service was rendered, before the record was filed; the plaintiffs, as the losing party, being answerable for it in the end. This rate was recognized as correct by this court in Thornton v. Insurance Company (C. C.) 125 Fed. 250, and is sustained in McIlwaine v. Ellington (C. C.) 99 Fed. 133, and Mohrstadt v. Mutual Life Insurance Company (C. C.) 145 Fed. 751. See, also, 9 Compt. Dec. 28. It is true that in Cavender v. Cavender (C. C.) 10 Fed. 828, it is held to the contrary that, in certifying the record on a writ of error or appeal, the clerk is merely making a transcript or copy, for which he is entitled to only 10 cents a folio, and it was with that idea in the present instance that the original charge, at that rate, was made. But, as shown by the authorities cited, that is not the prevailing view. The account of the clerk, in making a return to the writ, is regarded as essentially the "making of a record" within the meaning of the statute (Rev. St. § 828 [U. S. Comp. St. 1901, p. 635]), and not merely the transcribing or copying of it, entitling him to a higher rate, and that ruling will be adhered to here.

The clerk also, whatever his fees were, was entitled to demand them in advance, having to account for them to the government, whether

collected or not, once they had been earned. Steever v. Rickman, 109 U. S. 74, 3 Sup. Ct. 67, 343, 27 L. Ed. 861; Bean v. Patterson, 110 U. S. 401, 4 Sup. Ct. 23, 28 L. Ed. 190; Cavender v. Cavender (C. C.) 10 Fed. 828. And he had the right therefore to ask and receive of the defendants, who took the appeal, $1,223.25, in place of $815.50, which he got, provided he had asked for it at the time. He could ask this of the defendants yet, if the settlement with the plaintiffs, on the strength of his certificate, had not been made. Only, he could not get it in this way. The defendants being the successful party, no costs can now be taxed against them for his benefit, and his remedy would be to sue them as the party for whom the service was performed, for which he had not been fully paid. But, so far as the proceedings here are concerned, the obligation to pay, if it exists, is gone.

The right to claim these costs of the plaintiffs, as the losing party, however, stands on a different ground. By the reversal of the judgment they are cast for the costs, and this entitles the clerk to look to them for payment, to the extent that they are still due. It is true that, on his certified statement, the parties settled the case beween themselves, and the plaintiffs paid to the defendants the amount there called for, for certifying the record. But the mere fact that such' a settlement was made, even though it was based on the statement given by the clerk, does not preclude him from showing his mistake, and obtaining what is his legal due. The plaintiffs, no doubt, would be protected, if they were prejudiced by disturbing this settlement. But, except for the unpleasant experience of being called on to pay more, after supposing that they had reached the end, it does not appear that this would be the case.

The clerk, also, having a right to these fees, is entitled, under the Pennsylvania practice, to enforce their collection by judgment and execution in the name of the defendants, as the successful party, against the plaintiffs, as the losing party, of which, whatever may have passed between them, he cannot be deprived. In Ranck v. Hill, 3 Pa. 423, the plaintiff recovered a verdict against the defendant, which carried $58.65 costs. These costs never having been paid to the officers of the court, to whom they were due, a scire facias was issued at their instance, in the name of the plaintiff, to revive the judgment and have execution thereon. The defendant pleaded payment, and put in evidence a receipt in full from the plaintiff's executor, which he had obtained. The court below charged that the plaintiff and defendant could not, without the consent of the officers, to whom, by way of fees, the costs belonged, discharge the defendant from his liability to these officers and oblige them to look to the plaintiff alone, thus depriving them of a part of the security which they had, for the recovery of which from the defendant they were entitled to the use of the plaintiff's name. And this, on error, was affirmed.

"The officers' fees," it is said, "are part of the plaintiff's costs, which he is supposed to have paid to them, and which he collects ostensibly for himself, but actually for them, by his execution. Such has been the practice from the foundation of the state as a province. They are seldom, perhaps never, paid by the plaintiff in the first instance; but they are subsequently paid by the sheriff directly into their hands. Cf.

Beale v. Commonwealth, 7 Watts (Pa.) 183, 186. Though the legal title to them is in the plaintiff, it is merely as trustee; and the officers may consequently sue out an execution for them in his name. By the practice which has immemorially prevailed, they are at liberty to do so in this instance, notwithstanding the plaintiff's agreement to pay in exoneration of the defendant."

So in Ellsbre v. Ellsbre, 28 Pa. 172, an award of arbitrators was secured by the plaintiff, and, before the time for an appeal had expired, the defendant filed a receipt by the plaintiff, acknowledging satisfaction in full for the debt, interest, and costs. But the fees due to the sheriff, prothonotary, and attorney, amounting to $20.79, not having been paid, judgment was entered by them, and an execution issued in the name of the plaintiff, against the defendant, therefor. The court below struck this execution off. But this was reversed, the Supreme Court holding that the legal effect of the receipt given by the plaintiff was limited to the debt, interest, and such costs as belonged to him; and that, as this left the award unsatisfied in part, judgment was properly entered on it for the unpaid costs, to enforce which execution rightly went out.

In Howard Building Association v. Philadelphia & Reading Railroad, 102 Pa. 220, also, it is said:

"The plaintiff in the judgment, whether he be plaintiff or defendant in the action, collects the officers' fees, not for himself, unless he has paid the officers, but as trustee for the officers who rendered the services. * * * Whichever party to the action recovers, the fees of the officers for services rendered therein become a part of the judgment, and if not paid the officers may collect them, by execution, of the defendant in the judgment."

See, also, Musser v. Good, 11 Serg. & R. (Pa.) 247; United States v. Cigars (D. C.) 2 Fed. 494; Aiken v. Smith, 57 Fed. 423, 6 C. C. A. 414.

It is said, however, that the clerk had no authority, of his own motion, to retax costs in his own behalf. "Costs," it is urged, belong to the parties, as compensation for the expense of the litigation, into which they have been forced, and are to be distinguished from "fees," which the officers of the law are entitled to charge for services invoked. Ramsey v. Alexander, 5 Serg. & R. (Pa.) 344; Musser v. Good, 11 Serg. & R. (Pa.) 247; Beale v. Commonwealth, 7 Watts (Pa.) 183, 186. A taxation or retaxation of costs, according to this, can only therefore be made at the instance of a party, and must be confined to what are strictly such. But it is not necessary that unpaid fees shall be formally taxed as costs in order to support an execution for them. It is enough if they are noted of record, or on the writ. Irwin v. Hanthorn, 6 Pa. Super. Ct. 165; Becker v. Goldschild, 9 Pa. Super. Ct. 50; Beale v. Commonwealth, 7 Watts (Pa.) 183, 186. The clerk therefore was not required to do more than that here, and was thus, in any event, clearly within his rights. There must be some way of determining in binding form the fees that are due to the officers of the court; and the usual and orderly method is for the clerk, in the first instance, to ascertain and enter them on the record, subject to review by the court on appeal. Harger v. Commissioners, 12 Pa. 251; Irwin v. Hanthorn, 6 Pa. Super. Ct. 165. As so

ascertained and taxed, they become costs in favor of the successful party, and attach themselves to the judgment, which is finally entered in the case, for the benefit of those to whom they belong. Ellsbre v. Ellsbre, 28 Pa. 172. And that is all that was done here. The clerk, without notice to the parties, could have entered up his fees of record, as well as correct any mistake in them which he happened to have made. But, having given out a statement, on which the parties had acted, it was proper, before making a change, that he should call them in, as he did, explaining on what his new claim was based, his liability to the government therefor, and how the mistake came about, so that they could be fully informed in the matter, and take any steps necessary to protect their rights. It certainly did not vitiate the proceedings, whether correctly denominated a retaxation of costs or not, that this was done. Both as to the amount claimed therefor and the course pursued in ascertaining it, the clerk is right, and must be sustained.

The appeal is dismissed, and the taxation as made by the clerk is confirmed.