State, *ex rel.*, v. The C. P. Dewey Co. *et al.*

No. 24,355.

The State of Kansas, ex rel. Richard J. Hopkins, Attorney-general, *Plaintiff*, v. The C. P. Dewey Company et al., *Defendants* (Harriet M. Berry, as Administratrix of the Estate of Daniel P. Berry, et al., Interveners).

(257 Pac. 953.)

SYLLABUS BY THE COURT.

1. Costs—*Fees of Officers and Others—Stipulation Between Parties After Judgment as Affecting Liability.* Judgments were rendered in a district court against a defendant for damages and costs. The judgments were compromised and, pursuant to stipulation between the parties, defendant paid to the attorney·for plaintiffs a sum in full satisfaction and discharge of the judgments and costs, except that defendant agreed to pay the costs made by him. Plaintiffs duly authorized their attorney to execute instruments of satisfaction and release of the judgments, including the costs made by plaintiffs, and he did so. The costs made by plaintiffs were not paid. *Held,* the filing for record of the instruments of satisfaction and release in the district court would not satisfy the judgments for costs due officers and other persons not parties to the action, such as sheriff fees, clerk fees, and · witness fees.

2. Judgments—*Compromise and Settlement—Effect of Approval by Appellate Court.* Circumstances were such that the stipulation of settlement and the releases were approved by this court, and the clerk of the district court was directed to file the releases in discharge of the judgments. *Held,* the action of this court added nothing to the efficacy of the releases.

Citation for contempt. Opinion filed July 9, 1927. Respondent discharged.

*Thomas F. Doran, Clayton E. Kline,* both of Topeka, and *M. F. Cosgrove,* of Liberal, for Chauncey Dewey.

*. Charles G. Dockhorn,* county attorney of Sherman county, for respondent, Bertha Kempton.

The opinion of the court was delivered by

Burch, J.: The proceeding is one to require the clerk of the district court of Sherman county to show cause why she should not be considered in contempt for declining to enter releases of certain judgments for costs appearing of record in the district court of Sherman county.

In three actions for damages commenced in the district court of Sherman county, entitled *Berry v. Dewey,* personal judgments were

Attorney and Client, 6 C. J. p. 654 n. 61. Costs, 15 C. J. p. 310 n. 76. Judgments, 34 C. J. p. 685 n. 74.

rendered in favor of plaintiffs and against Chauncey Dewey for sums of money and costs of the actions. Subsequently an action was commenced in this court by the state on the relation of the attorney-general against The C. P. Dewey Company, a corporation. Chauncey Dewey was a party to the action, and the Berrys, as judgment creditors of Chauncey Dewey, intervened. The parties to the litigation, including the interveners, entered into stipulations, settling their controversies. One stipulation was that Chauncey Dewey was to pay the attorney for the Berrys the compromise sum of $15,000 in final settlement of the judgments in the Berry-Dewey cases, the same to be in full settlement of the judgments, and all costs made by the Berrys in those cases. The Berrys agreed to receipt the judgments in full. Dewey agreed to pay the costs made by him. The Berrys duly authorized L. W. Colby, as their attorney, to settle the cases and to satisfy the judgments and costs in favor of the Berrys. Pursuant to this authority, Colby, acting as attorney in fact and of record for the Berrys, executed a release and satisfaction of the judgment in favor of plaintiff in each Berry-Dewey case, and deposited the three releases with the clerk of this court. The releases were identical in form and substance, and a copy of one of them follows:

"Comes now the plaintiff, by L. W. Colby, his attorney of record and in fact, duly authorized in the premises, and hereby acknowledges the receipt and satisfaction of the judgment rendered in said cause, and of plaintiff's costs therein, and said judgment and costs are hereby receipted and satisfied in full, and this will discharge the same of record in said court."

The stipulations were carried out, the sum of $15,000 in settlement of the Berry-Dewey cases was paid by Dewey, and the money came into the hands of Colby. The stipulations were presented to this court for approval, and were approved. The court directed all parties to abide by the terms of the stipulations, and made the following order relating to the releases of the Berry-Dewey judgments:

"And it is further ordered that the releases of the said judgments in favor of the said interveners be and they are hereby approved as to form and as to the authority for their execution, and the clerk of this court is directed to forward the same to the clerk of the district court of Sherman county, Kansas, with directions to enter the same of record in the discharge of the said judgments of record in said court as provided in said releases."

The clerk of this court forwarded the releases to the clerk of the district court of Sherman county, with directions as indicated. The costs to which the releases referred had not been paid, and have not

State, *ex rel.,* v. The C. P. Dewey Co. *et al.*

yet been paid. The clerk, acting on the advice of counsel, declined to file the releases.

Dewey's contention is this: A judgment for damages and costs is an entirety; costs follow the judgment as an incident to it, and are collectible by execution in the same manner as the amount allowed for damages (15 C. J. 310); payment made to an agent or attorney having express authority to receive payment binds the judgment-creditor and constitutes satisfaction (21 R. C. L. p. 19, § 13); and Dewey is entitled to have the judgments satisfied of record. The clerk does not dispute the soundness of these principles as applied to the relation of judgment debtor and judgment creditor. She contends, however, that upon rendition of the judgments third persons acquired interests in them; costs were taxed for services rendered by officers of the court, the sheriff and the clerk, and are due the county; other costs were taxed as witness fees, and are due the witnesses; the obligation of the judgments to these persons may not be shifted or impaired by bargain between the parties to the action; and she ought not to be required to enter upon the records of the court releases of obligations which have not in fact been discharged by payment.

The authorities cited by Dewey announce sound general principles, but they determine nothing bearing on the present controversy. The theory is that each party to a lawsuit pays expenses of the litigation as he makes them, and the successful party is given judgment "for costs," to reimburse him for his expenditures. The practice is quite different. Witness fees may be demanded, and it may be necessary to pay them in order to obtain testimony. Depositions are usually paid for by the party taking them, and in other instances advancements may be made in accordance with the theory. The plaintiff who commences an action does not, however, pay the clerk's fees for filing the petition and issuing the summons, or pay the sheriff's fees for serving the summons, and may not pay other items which, at the conclusion of the litigation, are taxable as costs made by him. Following out the theory, a judgment for the subject of action, damages, and for the incident to the litigation, costs, is an entirety, and the judgment creditor may enforce the judgment by execution. The judgment is, however, only nominally an entirety. When the sheriff brings in money realized by execution to pay the judgment, the theory yields to reality. The judgment cred-

itor receives nothing from the costs portion of the fund except what he has advanced. He did not enforce collection of the remainder on his own account. He did so, in a remote sense, as a trustee holding legal title but acting for beneficiaries—the clerk, the sheriff, witnesses, and others. Such persons have a property interest in costs taxed for their benefit, of which they cannot be deprived without their consent. Formerly county officers were compensated in large part by fees. They are now compensated chiefly or entirely by salary, but the statutory fees are taxed as costs, and when collected are paid into the county treasury. The change in the law did not affect the principle, and fees included in a cost bill which were formerly property of officers are now property of the county.

The fee and salary act contains the following provisions:

"All fees and sums paid by either party for fees of witnesses and other necessary expenses in any civil action or proceeding shall be proved by the affidavit of the party, or of some person knowing the same to have been paid; and all such fees shall be taxed and collected from the party ordered or adjudged to pay the costs.

"It shall be the duty of the sheriff or other officer collecting costs on execution in this state, after retaining his own fees, to pay the residue of such costs collected to the clerk of the court from which the execution issued, or to the justice, and take a receipt therefor.

"It shall be the duty of the clerk of the court or justice receiving any costs belonging to any other person to hold the same subject to the order of the person entitled thereto, and to pay the same over on request; and if such fees shall not be called for within one year after having been received, the officer shall pay the same into the county treasury and take a receipt therefor." (R. S. 28-141, 28-145, 28-146.)

The civil code contains the following provision:

"After final judgment has been rendered in an action in which security for costs has been given, as required by article 24, the court, on motion of the defendant, or any other person having a right to such costs, or any part thereof, after ten days' notice of such motion, may enter up judgment in the name of the legal defendant or his legal representatives, against the surety for costs, his executors or administrators, for the amount of costs adjudged against the plaintiff or so much thereof as may be unpaid. Execution may be issued on such judgments as in other cases, for the use and benefit of the persons entitled to such costs." (R. S. 60-3701.)

Interpreting the code provision the court said:

"The only object that was expected to be accomplished, or that could properly be accomplished by the notice and its succeeding motion and order, was to have the judgment, which had already been rendered in favor of Ingle and the other defendants against Morrell for costs, so extended as to make it

State, *ex rel.*, v. The C. P. Dewey Co. *et al.*

a judgment for costs against Morrell's sureties also, to wit: Sanford, Rogers and McDonald. And any person interested in such judgment or costs had a right to give the notice, and to make the motion, and to procure the necessary order of the court to be rendered. And when the order was made, if made properly, it would inure to the benefit of all persons interested in the costs; . . ." (*Sanford v. Frankhouser*, 24 Kan. 98, 100.)

The result is, the judgment creditor is less than a figurehead with respect to costs due persons not parties to the action. It is not necessary to procure his consent to use his name in collecting such costs. Because he has no interest in them, he can do nothing which will prejudice interests of those who are entitled to them. Payment to him does not satisfy the judgment, and his agreement to pay them does not satisfy the judgment. The case of *Ranck v. Hill*, 3 Pa. St. 423, is precisely in point. In that case the supreme court approved the following instruction given the jury by the trial court:

"The plaintiff was undoubtedly liable to the officers for any costs he put on the action during its progress. The judgment recovered, carried with it the costs against the defendant; and when the judgment was obtained, and the defendant thus rendered liable to the officers, the plaintiff and defendant could not, without the consent of the officers, discharge the defendant from his liability to them, and thus oblige the officers to look to the plaintiff alone for payment, and take from them a security which they had by the judgment for the costs against the defendant, in addition to the liability of the plaintiff. The costs belonged to the officers, and not to the plaintiff; and the agreement of the plaintiff with the defendant to pay them, when he did not do so, will not discharge the defendant from his liability under the judgment to the officers for the amount of costs due them, and for the recovery of which they may proceed in the name of the plaintiff." (p. 424.)

The decision was approved and applied in the case of *Hoysradt v. Delaware, L. & W. R. R.*, 182 Fed. 880.

The conclusion is that Dewey in legal effect merely constituted the attorney for the Berrys his agent to pay costs and satisfy the judgments, and the judgments for costs cannot be satisfied except by payment, or by release by those to whom the costs are due.

The order of this court added nothing to the efficacy of the releases which it directed the clerk of the district court of Sherman county to file. The order did not bind and could not bind anybody except the parties to the stipulation pursuant to which the order was made, and their agents and attorneys.

Since the releases will not have the effect which the clerk feared they would have, that is, will not stand in the way of enforcement of the judgments for costs, the clerk should file the releases. Since

Dewey caused the citation to issue on the untenable ground that filing the releases would satisfy the judgments for costs, the clerk is discharged, and the costs of the proceeding are taxed to Dewey.

HARVEY and HOPKINS, JJ., not sitting.